UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CARLOS SOLIZ VILLANUEVA,<br><br>                Plaintiff,<br><br>vs.<br><br>NAMPA IDAHO POLICE DEPARTMENT,<br><br>                Defendant. | Case No. 1:21-cv-00241-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Complaint of Plaintiff Carlos Soliz Villanueva was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that Plaintiff will be required to amend his Complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

# REVIEW OF COMPLAINT

### 1. Factual Allegations

Plaintiff alleges that Nampa police officers used excessive force against him when they arrested him on November 16, 2020. He brings suit against the Nampa Police Department.

### 2. Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

omitted). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

Claims of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits unreasonable searches and seizures. Arresting officers may use only an amount of force that is "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (internal quotation marks omitted). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment," and whether an officer's use of force was objectively reasonable is based on the totality of the circumstances. *Id.* at 396 (internal quotation marks and citation omitted).

This objective reasonableness standard requires that a Court "balanc[e] the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake," which involves several factors. *Davis v. City of Las Vegas*, 478 F.3d

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

1048, 1053-54 (9th Cir. 2007). First, the "quantum of force" must be assessed. Second, the governmental interests at stake must be analyzed in light of the following: (1) the severity of the crime for which the plaintiff was arrested; (2) whether the plaintiff posed a threat to the safety of the officers or others; (3) whether the plaintiff was actively resisting arrest or attempting to flee; and (4) the availability of alternative methods of subduing the plaintiff. *Id.*

To bring a § 1983 claim against a municipality (local governmental entity), like the Nampa Police Department, a plaintiff must allege that the officers inflicted the injury because they were following an official policy or unofficial custom of the police department, rather than they injured the plaintiff because of their own individual choices. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Twombly* and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *See Twombly*, 550 U.S. at 555.

### 3. Discussion

Plaintiff will be required to file an amended complaint because the original Complaint does not contain sufficient information to state a plausible claim upon which relief can be granted. Plaintiff likely does not have sufficient facts in his possession to state a policy-based claim against the Nampa Police Department. He may instead desire to review his police reports (likely in the possession of his criminal defense attorney) and name as defendants the individual police officers listed in the report who are likely to be those who either inflicted harm on him or did not stop the other officers from inflicting harm. Later in this action, he can find out during the disclosure and discovery period whether the officers acted pursuant to a department policy or custom and amend the department back into this action if factual grounds for such a claim exist.

### 4. Instructions for Amendment

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. For each claim against each

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract); (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff's amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013). If Plaintiff does not desire to proceed, he must file a notice of voluntary dismissal. If Plaintiff fails to file anything further, his Complaint will be dismissed with prejudice (meaning it cannot be brought again) pursuant to Federal Rule of Civil Procedure 41(b).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **60 days** after entry of this Order.

2. Plaintiff's "Motion to Request an Answer" (Dkt. 4) is DENIED. Plaintiff must amend his Complaint as explained above if he desires to proceed.

DATED: August 3, 2021

_____
B. Lynn Winmill
U.S. District Court Judge